Nos. 08-55483, 08-56740

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

LYNNE WANG, et al.

*Plaintiffs-Appellees*,

v.

CHINESE DAILY NEWS, INC.

*Defendant-Appellant*.

On Appeal from the United States District Court
Central District of California
Case No. CV-04-1498-CBM-JWJ

**APPELLANT'S RESPONSE TO APPELLEES'
PETITION FOR PANEL REHEARING OR, IN THE
ALTERNATIVE, REHEARING EN BANC**

LATHAM & WATKINS LLP
Yi-Chin Ho
Joseph B. Farrell
355 South Grand Ave.
Los Angeles, California 90071
Telephone: 213-485-1234
Facsimile: 213-891-8763

LATHAM & WATKINS LLP
Paul T. Crane
555 11th Street NW
Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201

*Attorneys for Appellant
Chinese Daily News, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant and Appellant Chinese Daily News, Inc. ("CDN") states that no publicly held corporation owns 10% or more of its stock. CDN has a parent corporation, Cooper Investors, Inc., and no publicly held corporation owns 10% or more of that company's stock.

Dated:  April 12, 2013                    LATHAM & WATKINS LLP

                                          By:  s/ Yi-Chin Ho

                                          *Attorneys for Appellant,*
                                          *Chinese Daily News, Inc.*

i

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ........................................................1

ARGUMENT ...............................................................................1

    I.    The Petition For Panel Rehearing Should Be Denied..........................1

        A.    The Panel Correctly Instructed The District Court That It May Not Calculate Damages Through "Trial by Formula" ...................................................................1

        B.    Plaintiffs' Arguments For Why "Trial by Formula" Remains Permissible After *Wal-Mart* Are Meritless.................4

    II.    The Petition For Rehearing En Banc Should Be Denied ....................12

    III.    The Separate Commonality Issue Raised Only By An Amicus Is Not Properly Before The Court And Therefore Should Be Denied.................................................................................14

CONCLUSION .........................................................................17

ii

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
  133 S. Ct. 1184 (2013) ..............................................................8

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946) ................................................................10

*Artichoke Joe's Cal. Grand Casino v. Norton*,
  353 F.3d 712 (9th Cir. 2003) ...................................................15

*Comcast Corp. v. Behrend*,
  2013 WL 1222646 (U.S. Mar. 27, 2013) ........................... 7, 10

*Cruz v. Dollar Tree Stores, Inc.*,
  2011 WL 2682967 (N.D. Cal. July 8, 2011) ...........................6

*Day v. Apolina*,
  505 F.3d 963 (9th Cir. 2007) ...................................................15

*Delagarza v. Tesoro Ref. & Mktg. Co.*,
  2011 WL 4017967 (N.D. Cal. Sept. 8, 2011) ...........................8

*Dukes v. Wal-Mart Stores, Inc.*,
  603 F.3d 571 (9th Cir. 2010) .....................................................2

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ........................................ 6, 14, 17

*Espenscheid v. DirectSat USA, LLC*,
  705 F.3d 770 (7th Cir. 2013) ......................................... 11, 12

*Franco v. Conn. Gen. Life Ins. Co.*,
  2013 WL 177943 (D.N.J. Jan. 16, 2013) ...............................6

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) ...............................................12

*Johnson v. General Mills, Inc.*,
  276 F.R.D. 519 (C.D. Cal. 2011) ...........................................6

iii

*McElmurry v. U.S. Bank Nat. Ass'n*,
   495 F.3d 1136 (9th Cir. 2007)..................................................................12

*Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*,
   694 F.2d 203 (9th Cir. 1982)....................................................................15

*RBS Citizens, N.A. v. Ross*,
   2013 WL 1285303 (U.S. Apr. 1, 2013) ...................................................7

*Ross v. RBS Citizens, N.A.*,
   667 F.3d 900 (7th Cir. 2012).....................................................................7

*Santiago v. Rumsfeld*,
   425 F.3d 549 (9th Cir. 2005)....................................................................16

*Stone v. Advance Am.*,
   278 F.R.D. 562 (S.D. Cal. 2011) ..............................................................6

*Swan v. Peterson*,
   6 F.3d 1373 (9th Cir. 1993)......................................................................16

*Troy v. Kehe Food Distribs.*,
   276 F.R.D. 642 (W.D. Wash. 2011) ..........................................................8

*United States v. Burdeau*,
   180 F.3d 1091 (9th Cir. 1999)..................................................................14

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002)....................................................................15

*United States v. City of New York*,
   276 F.R.D. 22 (E.D.N.Y. 2011) ................................................................5

*United States v. Gementera*,
   379 F.3d 596 (9th Cir. 2004)....................................................................16

*United States v. Wahchumwah*,
   --- F.3d ---, 2013 WL 811610 (9th Cir. Mar. 4, 2013) ..........................15

*United States v. Weitzenhoff*,
   35 F.3d 1275 (9th Cir. 1993)....................................................................12

*United States v. Wylie*,
  625 F.2d 1371 (9th Cir. 1980)..................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ...................................... 1, 2, 3, 4, 11, 14, 16, 17

## STATUTES

28 U.S.C. §2072(b) ...............................................................................2, 5

## RULES

Circuit Rule 35-1................................................................................13

Fed. R. App. P. 35(a) ...................................................................... 1, 12

Fed. R. App. P. 35(b) ...........................................................................15

Fed. R. App. P. 35(b)(1)(B) ................................................................13

Fed. R. App. P. 40...............................................................................1

## OTHER AUTHORITIES

5-23 Moore's Fed. Prac. - Civil § 23.46 ....................................................7

Brief of Amici Curiae National Employment Lawyers Association, et al.,
  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) (No. 10-277) ...............17

Petition for a Writ of Certiorari, *RBS Citizens, N.A. v. Ross*, 2013 WL 1285303
  (U.S. Apr. 1, 2013) (No. 12-165).........................................................7

Respondents' Brief in Opposition, *RBS Citizens, N.A. v. Ross*, 2013 WL 1285303
  (U.S. Apr. 1, 2013) (No. 12-165).........................................................8

## SUMMARY OF ARGUMENT

Appellees (hereinafter "plaintiffs") do not contest this Court's reversal of class certification under Rule 23(b)(2), or this Court's vacatur of class certification under Rule 23(b)(3).  Rather, plaintiffs seek rehearing on the Court's instruction to the district court that, if it again certifies a class, it may not calculate damages through the use of "Trial by Formula."  *See* slip op. 15 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011)).  Plaintiffs challenge this straightforward application of *Wal-Mart* by repeating the same series of strained arguments that the panel properly rejected the first time around.  For the reasons discussed below, plaintiffs fail to satisfy the standard for panel rehearing, *see* Fed. R. App. P. 35(a), and the standard for rehearing en banc, *see* Fed. R. App. P. 40.  Accordingly, the petition should be denied.[1]

## ARGUMENT

## I.     THE PETITION FOR PANEL REHEARING SHOULD BE DENIED

### A.     The Panel Correctly Instructed The District Court That It May Not Calculate Damages Through "Trial by Formula"

In *Wal-Mart*, the district court outlined the following trial plan for how it would handle the backpay claims for all class members.  The court would select a

---

[1]  As discussed below, *infra* §III, the request by amicus curiae National Employment Lawyers Association ("NELA") that the panel delete a sentence related to Rule 23(a)'s commonality standard is not properly before this Court and, in any event, does not satisfy the requirements for rehearing or rehearing en banc.

1

"sample set of the class members" and determine liability as well as the amount of backpay owed to each of those particular persons. *Wal-Mart*, 131 S. Ct. at 2561. The court would then determine the "percentage of claims determined to be valid," apply that percentage to "the entire remaining class," and multiply that number "by the average backpay award in the sample set to arrive at the entire class recovery." *Id.*; *see Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 624-27 (9th Cir. 2010) (explaining that "a formula would be used to calculate the 'lump sum' in backpay that Wal-Mart owes to the class"). That "lump sum" would then be distributed to members of the class "without further individualized proceedings." 131 S. Ct. at 2561.

The Supreme Court determined that such a procedure, which it referred to as "Trial by Formula," violated the Rules Enabling Act because it would "abridge" or "modify" Wal-Mart's "substantive right[s]." *See id.* (quoting 28 U.S.C. §2072(b)). The Court explained that, under the applicable substantive law, "Wal-Mart is entitled to individualized determinations of each employee's eligibility for backpay." 131 S. Ct. at 2560. Accordingly, the Court held that damages may not be calculated—and "a class cannot be certified"—"on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims." *Id.* at 2561.

2

In this case, the district court (before *Wal-Mart*) permitted plaintiffs to establish damages for the entire class in a method quite similar to the trial plan rejected by the Supreme Court in *Wal-Mart*. Here, plaintiffs' expert selected 44 class members to serve as a sample set for the entire class. *See* 1-ER-12-p.140. Based on various averages established by this sample group, plaintiffs' expert then used different models and "ratios to calculate the amount of damages" for the entire class. *Id.* As the expert later testified at trial, plaintiffs "were looking for a practical way to extrapolate the smaller class to the larger class." 14-ER-93-p.3649.

After this case was remanded by the Supreme Court for further consideration in light of *Wal-Mart*, the panel correctly recognized that, if "the district court again certifies a class under Rule 23(b)(3), it should calculate damages in light of the Supreme Court's admonitions in *Wal-Mart*." Slip op. 15. In other words, no matter how "practical" such "extrapolation" may be, the district court may not engage in "'Trial by Formula,' wherein damages are determined for a sample set of class members and then applied by extrapolation to the rest of the class 'without further individualized proceedings.'" *Id.* (quoting *Wal-Mart*, 131 S. Ct. at 2561). To permit otherwise, the panel explained, would violate Chinese Daily News's ("CDN") substantive right "to litigate any individual affirmative defenses [it] may have to class members' claims." Slip op. 15 (citing *Wal-Mart*, 131 S. Ct. at 2561).

3

**B.    Plaintiffs' Arguments For Why "Trial by Formula" Remains Permissible After *Wal-Mart* Are Meritless**

In the face of this straightforward application of *Wal-Mart*, plaintiffs grasp at proverbial straws in a futile attempt to argue that "Trial by Formula" remains permissible after *Wal-Mart*.  In so doing, plaintiffs rehash the same strained assertions that this Court has already considered and correctly rejected.  As explained below, plaintiffs fail to identify any legitimate reason why this Court should reconsider its decision.

1.    Plaintiffs and their amici primarily argue that *Wal-Mart* has no purchase here because the Supreme Court's condemnation of Trial by Formula was limited to the Title VII context and the particular facts of that case.  *See, e.g.*, Pet. 1-7 (arguing that *Wal-Mart* "is confined to the specific facts and statutory scheme in that case"); Impact Fund Br. 1-5 (arguing that Trial by Formula "refers only to one trial plan adopted in an unusual case that the Court found incompatible with Title VII's statutory scheme"); NELA Br. 12.  Such a crabbed reading of *Wal-Mart* is untenable for several reasons.

First and foremost, plaintiffs' interpretation is contrary to the language and rationale of *Wal-Mart* itself.  The Supreme Court "disapprove[d]" the particular Trial by Formula proposed in *Wal-Mart* because it would have violated the Rules Enabling Act—not Title VII *per se*.  *Wal-Mart*, 131 S. Ct. at 2561.  The Rules Enabling Act provides that federal rules of procedure, like Rule 23, "shall not

4

abridge, enlarge or modify *any substantive right*." 28 U.S.C. § 2072(b) (emphasis added). The substantive rights at stake in *Wal-Mart* happened to be those under Title VII, but the Rules Enabling Act (and the logic of *Wal-Mart*) applies to "any substantive right," not just those that flow from Title VII.[2] Plaintiffs' attempt to shoehorn *Wal-Mart* as a Title VII-only case flouts the fundamental principle that lies at the heart of the Rules Enabling Act and *Wal-Mart*'s rejection of Trial by Formula: if a defendant would have a substantive right to present an individualized defense in a case where the plaintiff proceeded alone, the defendant does not lose that right merely because the plaintiff (and other plaintiffs) invoke the class action device established by Rule 23.

It is therefore unsurprising that the great weight of authority supports the view that the Supreme Court's rebuke of Trial by Formula extends beyond the narrow confines of Title VII. *See, e.g.*, *United States v. City of New York*, 276 F.R.D. 22, 37 (E.D.N.Y. 2011) ("*Wal-Mart*'s rejection of 'Trial by Formula' means that the underlying substantive law determines whether individual proceedings are required; a litigant may not convert an individual question into a common question by concocting a method of classwide proof that subverts rights

---

[2] In their petition, plaintiffs frequently refer to Wal-Mart's "statutory" rights that would have been abridged by a Trial by Formula. *See, e.g.*, Pet. 4. Of course, the Rules Enabling Act prohibits the abridgment of *any* substantive right—not just those that arise from a statute. *See* 28 U.S.C. § 2072(b). The panel properly recognized this distinction. *See* slip op. 15.

5

created by the underlying substantive law."); *Stone v. Advance Am.*, 278 F.R.D. 562, 566 n.1 (S.D. Cal. 2011) (acknowledging that *Wal-Mart* "eliminates a 'trial by formula' approach to use statistics to extrapolate average damages for an entire class, at least when the statute contains an individualized defense"); *Johnson v. General Mills, Inc.*, 276 F.R.D. 519, 524 (C.D. Cal. 2011) (explaining in a non-employment case that, in light of *Wal-Mart*'s rejection of Trial by Formula, if plaintiffs establish "liability for the class, Defendants may challenge reliance and causation individually during a determination of damages, after the issues that are common have been litigated and resolved");[3] *Cruz v. Dollar Tree Stores, Inc.*, 2011 WL 2682967, at *6 (N.D. Cal. July 8, 2011) (decertifying a wage and hours class because, among other reasons, *Wal-Mart* "rejected a 'Trial by Formula' approach to damages akin to that which Plaintiffs have proposed here"); *Franco v. Conn. Gen. Life Ins. Co.*, 2013 WL 177943, at *18 (D.N.J. Jan. 16, 2013) (applying *Wal-Mart*'s admonition against Trial by Formula in ERISA context); *see*

---

[3] For this reason, and contrary to plaintiffs' suggestion (at 5), *Johnson* supports the panel's application of *Wal-Mart* beyond the Title-VII context. Indeed, plaintiffs appear to tacitly acknowledge as much in their parenthetical describing *Johnson*, which merely asserts that an "individualized determination of damages" does not necessarily "defeat[] predomination under [Rule] 23(b)(3)." Pet. 5. Similarly, plaintiffs' "see also" cite to *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), does not actually support their argument that *Wal-Mart* is somehow limited to Title VII. Tellingly, plaintiffs cite *Ellis* only for the undisputed proposition that Rule 23(b)(3) "applies different standards than Rule 23(b)(2)." Pet. 5.

*also* 5-23 Moore's Fed. Prac. - Civil § 23.46 ("[A] mathematical formula or statistical technique may not be used to compute damages if this would deprive the defendant of the right to litigate its defenses to individual claims.").

In support of their mistaken interpretation of *Wal-Mart*, plaintiffs and their amici rely primarily on *Ross v. RBS Citizens, N.A.*, 667 F.3d 900 (7th Cir. 2012), *vacated*, 2013 WL 1285303 (U.S. Apr. 1, 2013). *See, e.g.*, Pet. 4-6; Impact Fund Br. 5; NELA Br. 12. In particular, plaintiffs and their amici emphasize a footnote in *Ross* that held that a defendant had no right to raise individualized affirmative defenses in a Rule 23(b)(3) class action for monetary relief because *Wal-Mart* only protected the substantive rights of defendants in Rule 23(b)(2) actions for equitable relief. *See Ross*, 667 F.3d at 908 n.7 (quoted by plaintiffs at Pet. 4-5). The defendants in *Ross* subsequently petitioned the Supreme Court for a writ of certiorari, making their challenge to this footnote front-and-center. *See* Petition for a Writ of Certiorari at i (Questions Presented), 11-16, *RBS Citizens, N.A. v. Ross*, 2013 WL 1285303 (U.S. Apr. 1, 2013) (No. 12-165). After plaintiffs filed their petition for rehearing, the Supreme Court granted the cert petition in *Ross*, vacated the Seventh Circuit's decision, and remanded for further consideration in light of *Comcast Corp. v. Behrend*, 2013 WL 1222646 (U.S. Mar. 27, 2013). *See RBS Citizens*, 2013 WL 1285303, at *1. Notably, even the plaintiffs in *Ross* (respondents at the Supreme Court) declined to defend the Seventh Circuit's

7

decision along the lines advanced by plaintiffs here. *See* Respondents' Brief in Opposition at 13-14, *RBS Citizens*, 2013 WL 1285303 (claiming that the Seventh Circuit did *not* hold that class action defendants lack the right to assert substantive "defenses on an individualized basis" but rather "merely rejected the argument that the existence of individualized defenses necessarily defeats commonality" (emphasis omitted)). With *Ross* having been vacated by the Supreme Court, plaintiffs and their amici are left without even a wobbly leg to stand on.[4]

2.     After spilling considerable ink claiming *Wal-Mart* is inapplicable here, plaintiffs shift gears with the peculiar assertion that the panel's opinion is "contrary to the holding in *Wal-Mart*"—and other "long-standing precedent"—which generally approves the use of "aggregate proof" in class actions. *See* Pet. 7-10. That argument is a red herring. Contrary to plaintiffs' assertion, the panel did not suggest that aggregate proof is always and inevitably impermissible. Rather, the

---

[4]   Plaintiffs suggest (at 3 n.2) that "the *Wal-Mart* decision has been distinguished by the Supreme Court [and other courts] when application was sought beyond Title VII." As even a cursory glance at the decisions cited by plaintiffs reveals, however, *Wal-Mart* was distinguished *factually*, not *legally*—and certainly not for the reasons advocated by plaintiffs in their petition. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013) (applying *Wal-Mart* and concluding that materiality is a "common" issue in securities fraud cases and, therefore, need not be proven on the merits for class certification); *Troy v. Kehe Food Distribs.*, 276 F.R.D. 642, 654-57 (W.D. Wash. 2011) (finding commonality and predominance because, unlike in *Wal-Mart*, "no employee-by-employee analysis" was "necessary to resolve" "multiple common questions" that would drive the litigation); *Delagarza v. Tesoro Ref. & Mktg. Co.*, 2011 WL 4017967 (N.D. Cal. Sept. 8, 2011) (same).

8

panel held that *certain forms of aggregate proof* are impermissible—namely, those that deprive a defendant of its right to present individualized defenses in violation of the Rules Enabling Act. Despite the accompanying rhetoric, none of the cases cited by plaintiffs (at 8-9 & n.3) supports the use of aggregate proof that would run afoul of the Rules Enabling Act.

     3.     Plaintiffs also argue that rehearing is appropriate because other courts "since *Wal-Mart* have certified wage and hour cases, expressly reaffirming the principle that the need to calculate the specific damages of individual class members does not undermine commonality, the predomination of common issues, the superiority of the class action mechanism, or the manageability of a class action." Pet. 10-11. Plaintiffs, however, are once again attacking a straw man. As an initial matter, the fact that courts have certified classes despite the presence of individualized damages questions has nothing to do with whether the district court in this case may once again extrapolate damages for the entire class from a subset of class members, thereby depriving CDN of the opportunity to present individualized defenses against each class member.

     In any event, when discussing *Wal-Mart*'s admonition against Trial by Formula (under the heading "Damages"), the panel did not suggest that the requirement of individualized damages calculations necessarily barred the possibility of class certification. Indeed, the panel's instructions contemplate the

possibility of the district court again certifying a class under Rule 23(b)(3).  *See* slip op. 15.  Of course, the need for individualized damages determinations must be considered by the district court when deciding whether class certification is appropriate.  *See, e.g.*, *Comcast*, 2013 WL 1222646, at *5 (finding a lack of predominance because "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class").  But contrary to plaintiffs' contention, the panel did not establish a blanket rule against certification when individualized defenses must be litigated.

4.    Finally, plaintiffs and their amici erroneously argue that the burden shifting framework first established by *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), supports the use of trial by formula here.  *See* Pet. 12-13; Impact Fund Br. 8; NELA Br. 15.  Under *Mt. Clemens*, an employee's burden to prove entitlement to overtime pay is lessened when an "employer's records are inaccurate or inadequate."  Specifically, the employee may prove "the amount and extent of [the unpaid] work as a matter of just and reasonable inference."  The burden then shifts to the employer to demonstrate "the precise amount of work performed" or produce evidence negating "the reasonableness of the inference to be drawn from the employee's evidence."  *Mt. Clemens*, 328 U.S. at 687-88.  Plaintiffs' reliance on *Mt. Clemens* is mistaken for several reasons.

10

To begin, plaintiffs conflate two distinct principles. *Mt. Clemens* alleviates the burden on individual employees to prove with precision the amount of overtime they worked when an employer fails to keep proper records. The fact that an individual employee may ultimately approximate his *own* hours, however, emphatically does not mean that a sample set of employees may be used to approximate *everybody else's* hours. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775 (7th Cir. 2013) (Posner, J.) (while invocation of *Mt. Clemens* permits "each employee" of a putative class to "reconstruct[]" his or her own "unreported time" through "'just and reasonable inference[s],'" "the experience of a small, unrepresentative sample" of employees "can't support an inference about the work time of thousands of [other] workers" (citations omitted)).

Moreover, *Mt. Clemens* involves the sort of individualized determinations that the Supreme Court concluded may not be replaced with Trial by Formula. *Wal-Mart*, 131 S. Ct. at 2561. Under *Mt. Clemens*, an employer retains the right to rebut the employee's evidence. Pursuant to *Wal-Mart* and the Rules Enabling Act, that right cannot be eliminated through Rule 23.

Along those lines, *all* of the cases cited favorably by plaintiffs in footnote 7 of their petition are Fair Labor Standards Act ("FLSA") cases, not Rule 23 cases. *See* Pet. 13 n.7. As this Court has recognized, there are significant distinctions between the collective actions permitted by the FLSA and the opt-out class actions

established by Rule 23(b)(3). *See, e.g.*, *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).[5] Furthermore, the only appellate opinion cited by plaintiffs that post-dates *Wal-Mart* affirmed class *decertification* because of variances in potential damages across class members. *See Espenscheid*, 705 F.3d at 773-74 (cited at Pet. 13 n.7).

In short, the burden-shifting framework established by *Mt. Clemens* has no bearing on *Wal-Mart*'s admonition against Trial by Formula.

## II.   THE PETITION FOR REHEARING EN BANC SHOULD BE DENIED

En banc review is an "exceedingly time-consuming and inefficient process," *Hart v. Massanari*, 266 F.3d 1155, 1179 (9th Cir. 2001), that is granted only in extraordinary circumstances. *See* Fed. R. App. P. 35(a); *United States v. Wylie*, 625 F.2d 1371, 1378 n.10 (9th Cir. 1980) ("en banc hearings are disfavored"). Such review should be granted only when (1) it "is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). In other words, en banc review "is generally reserved for conflicting precedent within the circuit . . . and egregious errors in important cases." *United States v. Weitzenhoff*, 35 F.3d 1275, 1293 (9th Cir. 1993) (Kleinfeld, J., dissenting from the order rejecting the suggestion for

---

[5]   Certification of a collective action under the FLSA's opt-in procedure is not at issue here.

rehearing en banc). Plaintiffs do not come close to satisfying this demanding standard.

To begin, plaintiffs do not—and could not—allege that en banc review is necessary to "maintain uniformity" of this Court's decisions. Plaintiffs also fail to demonstrate that their petition involves a question of *exceptional* importance. The petition, for example, does not involve "an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." Fed. R. App. P. 35(b)(1)(B); *see* Circuit Rule 35-1. Even if there had been tension between the panel's decision and the Seventh Circuit's opinion in *Ross* (which is debatable), any such friction was eliminated when the Supreme Court vacated *Ross*.

En banc review is particularly inappropriate here for three additional reasons. First, as already discussed, the panel committed no error when instructing the district court to take heed of the Supreme Court's "admonitions" against the use of "Trial by Formula" for calculating damages. Slip op. 15. Second, plaintiffs do not challenge any aspect of the panel's *judgment*—that is, they do not contest the reversal of class certification under Rule 23(b)(2) or the vacatur of the commonality and predominance findings under Rule 23(a) and Rule 23(b)(3), respectively. As Members of this Court have recognized, "en banc proceedings should be reserved for . . . decid[ing] cases, not . . . edit[ing] statements in

13

opinions." *United States v. Burdeau*, 180 F.3d 1091, 1092 (9th Cir. 1999) (Tashima, J., concurring in the order denying rehearing en banc). Third, the instructions challenged by plaintiffs in their petition—regarding how the district court may calculate damages—will only be relevant in this case *if* "the district court again certifies a class under Rule 23(b)(3)." Slip op. 15. Because there is a reasonable likelihood the district court will not recertify the class, en banc review at this time would be premature. There is no reason to delay future proceedings that both sides acknowledge must take place in order to decide a question that may ultimately have no consequence here.

For all these reasons, plaintiffs' request for rehearing en banc should be denied.

## III. THE SEPARATE COMMONALITY ISSUE RAISED ONLY BY AN AMICUS IS NOT PROPERLY BEFORE THE COURT AND THEREFORE SHOULD BE DENIED

Amicus National Employment Lawyers Association ("NELA") separately requests that the panel delete the following sentence from its commonality analysis: "Plaintiffs must show 'significant proof that [CDN] operated under a general policy of [violating California labor laws].'" Slip op. 10 (quoting *Ellis*, 657 F.3d at 983 (in turn quoting *Wal-Mart*, 131 S. Ct. at 2553)). Importantly, plaintiffs do *not* make such a request or otherwise challenge any aspect of the panel's commonality

decision.  Because this argument is raised solely by an amicus, it is not properly before the Court and therefore must be rejected.

It is well-settled that "only a party to a matter before this court may petition for rehearing or rehearing en banc."  *Day v. Apolina*, 505 F.3d 963, 964 (9th Cir. 2007); *see* Fed. R. App. P. 35(b) ("A party may petition for a hearing or rehearing en banc.").  It is equally well-established that an "amicus curiae is not a party to litigation," *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982), and that amicus "status does not allow [amici] to raise issues or arguments formally and gives [them] no right of appeal," *United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002).  Accordingly, NELA plainly could not have sought rehearing on the commonality issue on its own volition.  It may not do so now merely because plaintiffs have sought rehearing on an entirely *separate* issue.  Put simply, NELA lacks authority to independently seek rehearing on the commonality issue since no party has sought rehearing on that question.

Because an amicus is not a party, this Court has repeatedly and consistently held that, in "the absence of exceptional circumstances," it will "not address issues raised only in an amicus brief."  *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003); *see, e.g.*, *United States v. Wahchumwah*, --- F.3d ---, 2013 WL 811610, at *4 n.2 (9th Cir. Mar. 4, 2013) ("the court will not

15

consider arguments raised only in amicus briefs"); *Santiago v. Rumsfeld*, 425 F.3d 549, 552 n.1 (9th Cir. 2005) ("We follow our general rule in declining to address . . . arguments not raised by the parties."). This Court has previously identified two "discretionary exceptions" to that general rule, but neither exception applies here. First, this Court has considered an issue raised only by an amicus "where it involves a jurisdictional question or touches upon an issue of federalism or comity that could be considered sua sponte." *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993); *see United States v. Gementera*, 379 F.3d 596, 607 (9th Cir. 2004) (same). Second, this Court "has addressed purely legal questions when the parties express an intent to adopt the arguments as their own." *Gementera*, 379 F.3d at 607; *Swan*, 6 F.3d at 1383 (same). NELA's challenge to the panel's commonality discussion obviously does not touch on this Court's jurisdiction, and plaintiffs have declined to adopt "amicus' argument by reference in their [own] brief." *Swan*, 6 F.3d at 1383. For all these reasons, NELA's attempt to circumvent the limitations on amicus curiae set forth in the Federal Rules should be rejected.[6]

---

[6]  Even if NELA's arguments were properly before the court, they are meritless. NELA challenges the panel's determination that "[p]laintiffs must show significant proof that CDN operated under a general policy of violating California labor laws." Slip op. 10 (alterations and internal quotation marks omitted). But that requirement flows directly from the Supreme Court's decision in *Wal-Mart*. *See* 131 S. Ct. at 2553. Indeed, even *plaintiffs* acknowledged in their supplemental brief that, under *Wal-Mart*, the district court "must determine whether there was 'significant proof that [CDN] operated under a general policy' with respect to its

## CONCLUSION

The petition for panel rehearing or, in the alternative, rehearing en banc should be denied.


Dated:  April 12, 2013                    LATHAM & WATKINS LLP


                                          By:  s/ Yi-Chin Ho

                                          *Attorneys for Appellant,*
                                          *Chinese Daily News, Inc.*

---

labor practices." Supp. Ans. Br. 7 (quoting *Ellis*, 657 F.3d at 970 (in turn quoting *Wal-Mart*)).    And understandably so: without "significant proof" that CDN operated under a general labor policy, there would be no "glue holding the alleged *reasons* for all [of CDN's] decisions together." *Wal-Mart*, 131 S. Ct. at 2552.

As with the other arguments made on rehearing, NELA's true complaint is not with the panel's application of *Wal-Mart*, but rather with *Wal-Mart* itself.  Indeed, NELA's assertions are of a piece with contentions it made—and lost—as an amicus in *Wal-Mart*.  *See* Brief of Amici Curiae National Employment Lawyers Association, et al. at 23-28, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) (No. 10-277).  For example, as an amicus in *Wal-Mart*, NELA argued that the "significant proof" requirement advocated by Wal-Mart—and eventually adopted by the Supreme Court—"violates any reasonable conception of a separation between class and merits proof."  *Id.* at 23.  NELA makes a nearly identical argument here.  *See* NELA Br. 2 (claiming that the panel's "significant proof" standard will "entangle courts unnecessarily in determining the merits of plaintiffs' claims").

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Circuit Rule 35-4 and Circuit Rule 40-1 because this brief contains 4175 words.

This brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

Dated:  April 12, 2013                    Respectfully submitted,

                                          LATHAM & WATKINS LLP

                                          By:  s/ Yi-Chin Ho

                                          *Attorneys for Appellant,*
                                          *Chinese Daily News, Inc.*

| 9th Circuit Case Number(s) | 08-55483; 08-56740 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Apr 12, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)    s/ Yi-Chin Ho

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)